NORTH AMERICAN MERCANTILE CO. *v.* UNITED STATES

**No. 7565.**—Invoice dated Yokohama, Japan, July 10, 1936.
   Certified July 10, 1936.
   Entered at San Francisco, Calif., July 30, 1936.
   Entry No. 1112.

(Decided on remand [Reap. Dec. 6695] March 17, 1948)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster* and *Samuel D. Spector*, special attorneys), for the defendant.

OLIVER, Presiding Judge: This appeal for reappraisement was submitted for decision on the following stipulation:

It is hereby stipulated and agreed by and between counsel for plaintiff and the Assistant Attorney General, attorney for the United States, subject to approval of the court, as to merchandise covered by the reappraisement appeal enumerated above:

(1) That this stipulation is limited to so much of said merchandise as is described in the invoice as "canned minced clams" in 7-ounce cans or tins, such item being marked "A" and initialed by Examiner *G. H. Godfrey "GHG,"* and said article being appraised on the basis of the American selling price in accordance with the Presidential proclamation published in TD 47031.

(2) That such merchandise is the same in all material respects as the imported minced clams involved in *North American Mercantile Co.* v. *U.S.*, Reap. Dec. 5680 and Reap. Dec. 6072, and that the issues herein, insofar as they pertain to the proper dutiable value of said merchandise, are the same in all material respects as the issues involved in the appeals covered by said decisions.

(3) That the record in said Reap. Dec. 5680 may be incorporated herein and that upon this stipulation this appeal may be deemed submitted, it being limited to the items marked "A" on the invoice, and abandoned as to all other merchandise.

In the original decision in this case the appraisement was held null and void *ab initio* for the reason that "the collector has not specified what packages were selected by him to be examined as he was required to do under the provisions of section 499 of the Tariff Act of 1930." *North American Mercantile Co.* v. *United States*, Reap. Dec. 6272.

An application for review of this decision and judgment was duly filed by the importer and the appellate division reversed this decision and judgment stating that the collector had failed to designate the merchandise for examination by case or package numbers, but the examiner had actually examined not less than the statutory quantity of the merchandise and the appraisement accordingly was not null and void. The case was therefore remanded for disposition on the merits. *North American Mercantile Co.* v. *United States*, Reap. Dec. 6695.

Complying with the mandate of the appellate division, the only matter to be considered is the valuation of this merchandise which consists of canned minced clams exported from Japan on July 10, 1936, invoiced at ¥8.50 per case, entered under certificate of pending reappraisement, as provided by section 503 (b) of the Tariff Act of 1930, at $5.319 per case on the basis of the American selling price, as defined in section 402 (g), in accordance with the provisions of a Presidential proclamation dated May 1, 1934, T. D. 47031, 65 Treas. Dec. 736, and appraised as entered.

In the record of the incorporated case (reappraisement 119515–A, etc.) counsel stipulated that in the event the court should find the merchandise is not properly valued on the basis of the American selling price, the invoice value properly represents the export value, there being no higher foreign value.

The importer claims that the appraisement was in error for the reason that, as testified by the examiner, the merchandise used as a basis for finding American selling price, was a domestically packed can of minced butter clams packed in Washington, containing 7 ounces drained weight, and sold by wholesalers to dealers in San Francisco, whereas the imported article consists of a 7-ounce can of minced hokki clams, containing 3½ ounces drained weight and 3½ ounces of juice; that the appraiser ascertained the price for a non-existing article and it cannot be assumed that the article was similar to the imported merchandise; and further that in view of the erroneous appraisal the burden of establishing the imported article to be like or similar to some domestic article rests upon the defendant.

Counsel for the Government contends that the foregoing claims of the importer are not borne out by the facts in the record inasmuch as the imported article was a 7-ounce can of canned minced clams which was the item appraised by the appraiser and that the plaintiff has failed to overcome the presumption of correctness attaching to the appraised value.

The importer's contention that the imported merchandise consists of 7-ounce cans containing 3½ ounces drained weight and 3½ ounces of juice is not supported by any evidence contained in this record. The record does show the following:

MR. TUTTLE: This involves importations of canned clams, minced butters. I offer in evidence a can labeled " 'Namco' fancy minced ocean clams", as being representative of the merchandise covered by the invoices in these consolidated cases. The purpose of the offer, Your Honor, is to illustrate to the court that, as stated, on this label, that the net contents of this can is 3½ ounces meat and 3½ ounces juice.

MR. SPECTOR: I will accept it as imported minced clams but not as hokki minced clams because it is not part of these importations.

MR. TUTTLE: It is offered only for the purpose of illustrating the net contents of the can and not representative of the merchandise. It is to illustrate the cans covered by these invoices; that their net contents are 3½ ounces meat and 3½ ounces of juice.

MR. SPECTOR: On the advice of Examiner Weidner, I am willing to consent to the fact that this can is representative of the size of the can in which these minced clams were imported, but not as representative of the contents.

The merchandise is invoiced as 7-ounce cans—4 dozen to a case—and I may not indulge in the presumption that it consists of 7-ounce cans containing 3½ ounces drained weight and 3½ ounces of juice.

Counsel have agreed to the following stipulation:

\* \* \* I think the Government will stipulate that no American packer in the State of Washington during the years in question here sold or offered for sale minced butter clams in cans containing seven ounces of meat. Do you think we can do that?

MR. SPECTOR: Yes, of course, we can. There was no seven ounce drained meat can sold or offered for sale then. We did not sell any seven ounces of drained meat to the can; what we sold was 3½ ounces to the can.

Three American packers testified that they packed and sold minced butter clams in Washington, and while they did not pack a can containing 7 ounces drained weight of minced butter clams, that they had the facilities to do so. They then gave evidence as to the prices they would have been willing to receive for cans containing 7 ounces of drained weight of minced butter clams. These prices were $6.60, $6.80, and $6.72 per case.

The importation was appraised at an American selling price of $5.319 per case.

This record does not contain sufficient evidence to establish a value for this merchandise other than the appraised value.

The contents of the imported can have not been established.

The testimony of the examiner cannot be accepted as conclusive of the appraiser's action, and the appraiser was not called to testify. (*United States* v. *New York Merchandise Co., Inc.*, Reap. Dec. 6269.)

It is claimed by the plaintiff that the importation is not similar to the American product, but no evidence has been offered to support such a position.

Three American packers testified as to what they did or would have done. The court may not surmise that there were no other American packers or that the business of these three would be representative of the industry.

The type of evidence offered in this case does not conform to the requirements of proof as laid down by our appellate court in *United States* v. *Malhame & Co.*, 19 C. C. P. A. 164, T. D. 45276, at 168:

\* \* \* and the importer, having been the appealing party in the first instance, it was incumbent upon it "to meet every material issue involved in the case." *Meadows, Wye & Co.* v. *United States, supra.* If the importer failed to do this, then his appeal was subject to dismissal by the trial court, in which event the value fixed by the local appraiser—in this instance the United States value—would have remained in full force and effect. *United States* v. *F. B. Vandegrift & Co. et al.*, 16 Ct. Cust. Appls. 398, T. D. 43120.

This entry was appraised on April 28, 1937, prior to the effective date of the Customs Administrative Act of 1938, amending section 501 of the Tariff Act of 1930, therefore the appeal for reappraisement is dismissed. *United States* v. *Joseph Fischer as Liquidating Agent of Schmoll Fils Assd., Inc., et al.*, 32 C. C. P. A. (Customs) 62, C. A. D. 286.

Judgment will be rendered accordingly.